Chancellor Johnson
delivered the opinion of the Court.
When the will of the testator is properly analyzed, it will be found to contain the following dispositions of John’s Island ^plantation :— [-*550 1st. To his son Charles in fee, but if he should die under twenty- L one, and without .issue; then, 2dly. To be kept for the use, profit and maintenance of the testator’s wife, and unmarried children, until the day *422 of their marriage; and then, 3clly. To be sold, and the proceeds divided equally between his wife and his surviving daughters.
Charles died under twenty-one, and without issue, leaving four sisters, Elizabeth, Mary, Frances and Anna, surviving him, (his mother having died before;) Frances died afterwards, unmarried, intestate, and without issue ; Elizabeth and Mary have died since, both leaving issue ; and last of all, Anna died unmarried in 1836.
It seems to be conceded on all hands, that the daughter, Anna, was entitled to the use and profits of the plantation up to the time of her death, being the only child remaining unmarried, and that the limitation over to the wife and surviving daughters of the testator, must fail, because at the event (the death of Anna) on which it was limited over, there was no one in being, falling within the description of those entitled to take. The devise to Charles, having failed also, the fee necessarily reverts to the right heirs of the testator; and the question is, whether those coming within that description at the death of Charles, or the death of Anna, are entitled to take.
The devise to Charles, is in terms a fee simple, defeasible in the event of his dying finder twenty-one, and without issue, and on his death under twenty-one, and without issue, the fee necessarily reverted to the right heirs of the testator, unless it vested in the wife and daughters, under the devise over. That it did not, I think is very clear. In Monkhouse v. Holme, 1 Bro. C. C. 298, Lord Ellenborough says, that when the time is not annexed to the form, but to the substance of the gift, the interest is contingent, and the true question always is, whether the event on which the estate is limited over, is in the nature of a condition, without which the testator would not have them to take : and there is, perhaps, no case which would better illustrate the rule. The devise over here, is to the wife and surviving daughters after the marriage of all his daughters, the survivorship being the event, without which it is apparent the testator intended they should not take. Their interest in the fee was therefore merely contingent. The fee, as before remarked, vested in the right heirs of the testator, on the death of Charles; and the event on which it was limited over, not having occurred, it still abides in them. Conse*6631 *cluen%> none can take, but those who answered the description of heirs at that time. All the sisters were then living and were entitled to the inheritance in common. On the death of Frances, without issue, and intestate, afterwards her interest vested of course in her surviving sisters. The children of Elizabeth Wilson, their heirs, or devisees, are therefore entitled to one-third of the estate; the childen of Mary, their heirs, or devisees, if -any of them be dead, are entitled to one other third part; and Maria A. Freer, to the remaining third, under the devise from Anna. Such, I understand, is the import of the Circuit decree. The appeal is therefore dismissed.
Chancellors Harper and Johnston, concurred.